NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHURE INCORPORATED,**

*Plaintiff-Appellant*

**v.**

**CLEARONE, INC.,**

*Defendant-Appellee*

---

2021-1024

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:17-cv-03078, Judge Edmond E. Chang.

---

Decided: July 20, 2021

---

J. DEREK MCCORQUINDALE, Finnegan Henderson Farabow Garrett & Dunner LLP, Reston, VA, argued for plaintiff-appellant. Also represented by ALEXANDER MICHAEL BOYER, ELLIOT COOK, LUKE HAMPTON MACDONALD; VLADIMIR AREZINA, VIA Legal, LLC, Chicago, IL.

CHRISTINA MARIE RAYBURN, Hueston Hennigan LLP, Newport Beach, CA, argued for defendant-appellee. Also

represented by DOUGLAS DIXON, SOURABH MISHRA; KAREN YOUNKINS, Los Angeles, CA.

—————————————

Before MOORE, *Chief Judge*, PROST and O'MALLEY, *Circuit Judges*.

MOORE, *Chief Judge*.

In August 2019, the Northern District of Illinois issued a preliminary injunction prohibiting Shure from taking various actions relating to its ceiling tile beamforming microphone array product, the MXA910:

> Shure shall cease manufacturing, marketing, and selling the MXA910 to be used in its drop-ceiling mounting configuration, *including marketing and selling the MXA910 in a way that encourages or allows integrators to install it in a drop-ceiling mounting configuration.*

J.A. 119 (emphasis added). The MXA910 had four installation configurations, only one of which, the drop-ceiling mounting configuration, potentially infringed. However, during bond briefing, Shure explained that it could "not control which configuration is used," so halting sales "in one configuration effectively halts sales in *all* configurations." J.A. 2311. The injunction prohibits Shure from selling a product that "allows" integrators to install it in a drop-ceiling mounting configuration. Because Shure could not prevent integrators from installing the MXA910 in that configuration, Shure was prohibited from selling it altogether. From the bond briefing, it is clear that Shure understood the preliminary injunction to prevent all MXA910 sales. *Id.* Shure did not appeal the preliminary injunction; instead, it attempted to design around and released the MXA910-A.

ClearOne moved for an order holding Shure in contempt, arguing Shure's commercial activities relating to

the MXA910-A violated the preliminary injunction. The district court determined that the MXA910-A was not colorably different from the MXA910 and that Shure's MXA910-A was designed in a way that allows integrators to install it flush with most ceiling grids in the allegedly infringing drop-ceiling mounting configuration. J.A. 24, 34. Accordingly, the district court held Shure in contempt for violating the preliminary injunction and ordered it not to "manufacture, market, or sell the MXA910-A (to the extent that it still has any MXA910-As to sell)." J.A. 34. Though we do not have jurisdiction over a contempt order under the current posture of the case, Shure argues this Court has jurisdiction under 28 U.S.C. § 1292(a)(1) because the contempt order modified the injunction.

Shure argues the district court expanded the preliminary injunction when it enjoined all sales of the MXA910-A, instead of just prohibiting the MXA910-A when used in a drop-ceiling mounting configuration. The preliminary injunction's plain language and Shure's representations during bond briefing demonstrate why this case lacks merit. The district court's contempt order determined the MXA910-A was a colorable imitation of the MXA910 and faithfully applied the preliminary injunction—which barred sales if the product was capable of being installed in a drop-ceiling mounting configuration. To the extent Shure believes the preliminary injunction is too broad, it should have appealed that order. The order before us does not modify the injunction, and therefore, we have no jurisdiction over this interlocutory appeal. Accordingly, we dismiss.

## DISMISSED

### COSTS

Costs to ClearOne.